UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, JR., | 1:12-cv-00750-AWI-GSA-PC |
| Plaintiff, | ORDER FINDING COGNIZABLE CLAIM |
| vs. | ORDER FOR PLAINTIFF TO EITHER: |
| MATTHEW M. JUAREZ, JR., | (1) FILE A SECOND AMENDED COMPLAINT, OR |
| Defendant. | (2) NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED AGAINST DEFENDANT JUAREZ ON THE EXCESSIVE FORCE CLAIM FOUND COGNIZABLE BY THE COURT |
| | THIRTY DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED |

I.     **BACKGROUND**

        Roberto M. Garcia, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 8, 2012.  (Doc. 1.)

The court screened the Complaint pursuant to 28 U.S.C. 1915A and entered an order on May 10, 2013, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 9.)  On June 14, 2013, Plaintiff filed the First Amended Complaint, which is now before the Court for screening.  (Doc. 11.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is in the custody of the California Department of Corrections and Rehabilitation (CDCR), presently incarcerated at Kern Valley State Prison (KVSP) in Delano,

California, where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff brings this civil rights complaint against defendant Sergeant Matthew M. Juarez, Jr., who is a prison official employed by the CDCR at KVSP.  Plaintiff's factual allegations follow.

On May 23, 2011, while Plaintiff was on the recreation yard exercising, another prisoner attacked him and forced him to defend himself.  The control officer ordered "yard down" at which time Plaintiff complied by lying down on the ground in a prone position, posing no threat to anyone.  (First Amd Cmp, Doc. 11 at 4 ¶IV.)  While Plaintiff was on the ground, defendant Sergeant Matthew M. Juarez, Jr., kicked him in his left shoulder with extreme force, causing Plaintiff severe pain.  Defendant Juarez also placed his knee into Plaintiff's back and pulled Plaintiff's right arm behind his back with extreme force, twisting and extending the arm higher, injuring Plaintiff's right shoulder.  While he was assaulting Plaintiff, defendant Juarez called Plaintiff discriminatory and profane names and threatened him with hostile statements such as "You fu—in pu—y I'm tired of you pieces of sh-t, you fu—in PC's" (which referred to Plaintiff's Protective Custody status on a Sensitive Needs Yard).  (First Amd Cmp at 6 ¶12.)  Defendant Juarez then instructed an unknown correctional officer to escort Plaintiff to the facility program office, where he was placed in a holding cage. Plaintiff immediately complained about the severe pain, discomfort, and injury to his right shoulder.  Plaintiff was seen by a nurse but was not provided with pain medication and did not receive any treatment such as x-rays until the next day.  Plaintiff was provided with an arm sleeve and given six weeks to heal before starting physical therapy.  Plaintiff was receiving pain medication as of the date of the First Amended Complaint.

Plaintiff requests monetary damages, declaratory and injunctive relief, and costs of suit.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

1    42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

2    Constitution and laws."  <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997)

3    (internal quotations omitted).  "To the extent that the violation of a state law amounts to the

4    deprivation of a state-created interest that reaches beyond that guaranteed by the federal

5    Constitution, Section 1983 offers no redress."  <u>Id</u>.

6          To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted

7    under color of state law and (2) the defendant deprived him of rights secured by the

8    Constitution or federal law.  <u>Long v. County of Los Angeles</u>, 442 F.3d 1178, 1185 (9th Cir.

9    2006).  "A person 'subjects' another to the deprivation of a constitutional right, within the

10   meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts,

11   or omits to perform an act which he is legally required to do that causes the deprivation of

12   which complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  "The

13   requisite causal connection can be established not only by some kind of direct, personal

14   participation in the deprivation, but also by setting in motion a series of acts by others which

15   the actors knows or reasonably should know would cause others to inflict the constitutional

16   injury."  <u>Id</u>. at 743-44.

17          **A.**      **<u>Excessive Force – Eighth Amendment Claim</u>**

18          "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

19   Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  <u>Hudson</u>

20   <u>v. McMillian</u>, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim

21   is . . . contextual and responsive to contemporary standards of decency."  <u>Id.</u> (internal quotation

22   marks and citations omitted).  The malicious and sadistic use of force to cause harm always

23   violates contemporary standards of decency, regardless of whether or not significant injury is

24   evident.  <u>Id.</u> at 9; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth

25   Amendment excessive force standard examines *de minimis* uses of force, not *de minimis*

26   injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause

27   of action."  <u>Id.</u> at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments

28   necessarily excludes from constitutional recognition *de minimis* uses of physical force,

                                             4

provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

The court finds that Plaintiff states a cognizable claim for use of excessive force in violation of the Eighth Amendment against defendant Sergeant Matthew M. Juarez, Jr., for assaulting Plaintiff when he was prone on the ground posing no threat to anyone.

B.    **Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike.  City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008).  An equal protection claim may be established by showing that Defendants intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

///

Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose.  Moreover, verbal harassment or abuse alone is not sufficient to state a claim under section 1983, <u>Oltarzewski v. Ruggiero</u>, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation, <u>Gaut v. Sunn</u>, 810 F.2d 923, 925 (9th Cir. 1987).  Without more, Plaintiff's allegations of verbal abuse fail to state a claim against defendant Juarez.

## V.   CONCLUSION AND ORDER

For the reasons set forth above, the court finds that Plaintiff states a cognizable claim in the First Amended Complaint against defendant Sergeant Matthew M. Juarez, Jr., for use of excessive force in violation of the Eighth Amendment.  However, Plaintiff fails to state any other claims against defendant upon which relief may be granted under § 1983.  Plaintiff shall be required to either file a Second Amended Complaint, or notify the Court of his willingness to proceed only on the cognizable claim for excessive force against defendant Juarez.  Should Plaintiff choose to proceed only on the cognizable claim for excessive force, the Court will begin the process to initiate service upon defendant Juarez by the United States Marshal.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'"  The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above should he wish to do so.  Plaintiff is granted leave to file a Second Amended Complaint within thirty days.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Should Plaintiff choose to amend the complaint, the Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, <u>Iqbal</u>, 556 U.S. at 678; <u>Jones v. Williams</u>, 297 F.3d 930,  934 (9th Cir. 2002).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 555).  There is no *respondeat superior* liability, and each defendant is only liable for his

or her own misconduct. <u>Iqbal</u>, 556 U.S. at 677. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. <u>Jones</u>, 297 F.3d at 934 (emphasis added).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants for unrelated issues. In addition, Plaintiff should take care to include only those claims that have been administratively exhausted.

If Plaintiff decides to file an amended complaint, he is reminded that an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F. 3d 896, 907 n.1 (9th Cir. Aug., 29, 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:

   (1) File a Second Amended Complaint curing the deficiencies identified in this order, or

   (2) Notify the Court in writing that he does not wish to file an amended complaint and is instead willing to proceed only on the excessive force claim against defendant Sergeant Matthew M. Juarez, Jr.;

3. Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:12-cv-00750-AWI-GSA-PC; and

///

4.      If Plaintiff fails to comply with this order, this action will be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **February 24, 2014**                        **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE