UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERTO M. GARCIA, JR.,

Plaintiff,

vs.

MATTHEW M. JUAREZ, JR.,

Defendant.

1:12-cv-00750-AWI-GSA (PC)

ORDER DENYING MOTION TO AMEND AND MOTION FOR APPOINTMENT OF COUNSEL
(Docs 36, 38.)

## I. BACKGROUND

Roberto M. Garcia, Jr. ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. On May 8, 2012, Plaintiff filed the Complaint commencing this action. (Doc. 1.) This case now proceeds on Plaintiff's First Amended Complaint, filed on June 14, 2013, against defendant Sergeant Matthew M. Juarez, Jr. ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1] (Doc. 11.)

On January 20, 2015, Plaintiff filed a motion to amend the complaint. (Doc. 36.) On February 9, 2015, Plaintiff filed a motion for appointment of counsel. (Doc. 38.)

---

[1] On May 9, 2014, the court issued an order dismissing all other claims from this action, based on Plaintiff's failure to state a claim. (Doc. 19.)

Plaintiff's motion to amend and motion for appointment of counsel are now before the court.

**II. LEAVE TO AMEND – RULE 15(a)**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). Because Plaintiff has already amended the complaint once, and he does not have Defendant's consent to amend, Plaintiff requires leave of court to file a Second Amended Complaint.

**Discussion**

Plaintiff seeks to amend the complaint to add evidence of exhaustion of remedies and to remove his Fourteenth Amendment claim.

Plaintiff is not required, at this stage of the proceedings, to provide evidence that he exhausted his administrative remedies. While Plaintiff *is* required to exhaust his available administrative remedies before filing suit, McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002), the provision of the Prison Litigation Reform Act requiring exhaustion does not impose a pleading requirement, but rather creates a defense, and Defendant has the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997(e(a); Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007). In the First Amended Complaint, Plaintiff asserts that he "has exhausted all mandatory available administrative remedies on the claims raised herein."

(Doc. 11 at 4 ¶II.6.) This statement is sufficient at this stage of the proceedings, and allowing Plaintiff to amend the complaint to add additional information showing exhaustion of remedies would cause undue delay in the litigation, prejudicing Defendant. If Plaintiff files a Second Amended Complaint, Defendant will be required to prepare and file another Answer.[2]

Removing the Fourteenth Amendment claim from the complaint is also unnecessary and would cause undue delay in the litigation, prejudicing Defendant. Plaintiff's Fourteenth Amendment claim was dismissed from this action pursuant to the court's order issued on May 9, 2014. (Doc. 19.) The court's order advised the parties that "[t]his action now proceeds on Plaintiff's First Amended Complaint, filed on June 14, 2013, against defendant Matthew M. Juarez, Jr., for use of excessive force in violation of the Eighth Amendment [and a]ll remaining claims are DISMISSED from this action." (Id. at 2 ¶¶2, 3.) Allowing Plaintiff to remove the dismissed claim from the complaint by amendment would serve no useful purpose.

Based on the foregoing, the court finds that granting leave for Plaintiff to amend the complaint at this juncture would only cause undue delay in the litigation and prejudice Defendant. Therefore, Plaintiff's motion for leave to amend shall be denied.

**III. APPOINTMENT OF COUNSEL**

Plaintiff requests court-appointed counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success

[2] Defendant filed an Answer to the First Amended Complaint on December 1, 2014. (Doc. 30.)

of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff argues that he is unable to afford counsel and his imprisonment will greatly limit his ability to litigate. This does not make Plaintiff's case exceptional. This court is faced with similar cases daily. While the court has found that Plaintiff "states a cognizable claim for use of excessive force in violation of the Eighth Amendment against defendant Sergeant Matthew M. Juarez, Jr.," (Doc. 16 at 5:12-13), this finding is not a determination that Plaintiff is likely to succeed on the merits and at this juncture, the court cannot find that Plaintiff is likely to succeed on the merits. Plaintiff's claim for excessive force does not appear complex, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Thus, the court does not find the required exceptional circumstances, and Plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend, filed on January 20, 2015, is DENIED; and
2. Plaintiff's motion for appointment of counsel, filed on February 9, 2015, is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **February 13, 2015**

**/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE