UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, Jr.,<br><br>    Plaintiff,<br><br>vs.<br><br>MATTHEW M. JUAREZ, Jr.,<br><br>    Defendant. | 1:12-cv-00750-AWI-EPG-PC<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL (Doc. 41.)<br><br>ORDER FOR DEFENDANT JUAREZ TO PROVIDE FURTHER RESPONSES AS INSTRUCTED BY THIS ORDER, WITHIN THIRTY DAYS |

## I. BACKGROUND

Roberto M. Garcia Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 8, 2012. (Doc. 1.) This case now proceeds on the First Amended Complaint, filed on June 14, 2013, against defendant Sergeant Matthew M. Juarez, Jr. ("Defendant") for excessive force.

On April 20, 2015, Plaintiff filed a motion to compel further responses by defendant Juarez to Plaintiff's first request for production of documents. (Doc. 41.) On May 4, 2015, Defendant filed an opposition to the motion. (Doc. 43.)

Plaintiff's motion to compel is now before the Court.

## II. APPLICABLE LEGAL STANDARDS

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R.

Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. A party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff is entitled to leniency as a *pro se* litigant; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002.)

### III.   PLAINTIFF'S MOTION TO COMPEL

Plaintiff's First Request for the Production of Documents lists thirteen requests for documents and other materials relating to the incident on May 23, 2011 that is described in his complaint, such as the "incident commander review report of May 23, 2011" and "regional use of force coordinator report." (Doc. 41 at 12.) Defendant did not produce any documents in response. Instead, Defendant served 25 pages of Objections. As to eleven of the requests, Defendant inserted the same eight boilerplate objections, and then one objection indicating whether Defendant had the document or not. As to one request discussed below, Defendant failed to object. Defendant also copied the same eight boilerplate objections in its opposition to the motion to compel, without describing how they specifically applied to any given request, and then stated that Plaintiff failed to rebut each and every boilerplate objection.

\\

\\

Notably, Defendant makes no specific showing as to any specific document request. Moreover, it is clear that many of the boilerplate objections do not apply to many of the document requests. <u>See, e.g.</u>, Response to Request for Production 3 (objecting that "Report of executive review committee-use of force/misconduct allegation CDCR form 3036-A (9/09) concerning this matter" is "vague and ambiguous" and "seeks records that are irrelevant"). (Doc. 41 at 21:15-16.)

At the outset, this Court is not required to give boilerplate objections any weight. <u>See</u> <u>Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.</u>, 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); <u>A. Farber & Partners, Inc. v. Garber</u>, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("As an initial matter, general or boilerplate objections such as "overly burdensome and harassing" are improper— especially when a party fails to submit any evidentiary declarations supporting such objections. Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.") (internal citations omitted).

Defendant's use of only boilerplate objections and failure to produce any documents whatsoever makes the Court question Defendant's good faith in responding to the discovery requests. This conclusion is supported by Defendant's discussion of the meet and confer requirements. It appears that Plaintiff asked for a meet and confer on March 10, 2015. Defendant failed to respond for over a month, and thus Plaintiff filed this motion on April 20, 2015. Defendant not only claims that he lacked "a chance to serve a written response," in that time, but asks this Court to deny Plaintiff's motion because *Plaintiff* failed to meet and confer. Defendant's responses are not well taken and indicate that Defendant did not abide by its discovery obligations in good faith.

Turning to the specific requests, Defendant claims not to possess documents in response to Request 1 (incident commander review report of May 23, 2011), Request 2 (Regional use of force coordinator report DCDR form 3034-A-(9/09), Request 3 (Report of executive review committee-use of force/misconduct allegation CDCR form 3036-A (9/09) concerning this

matter), Request 4 (report of executive committee critique and qualitative evaluation/analysis), Request 5 (copy from the report from the investigation conducted by internal affairs agent M. Dunlop), Request 7 (copy of the video recording by Lt. Ostransa and Sgt. Krby of plaintif's interview); and Request 13 (a picture where the event took place).

The Court cannot compel what the Defendant does not have. That said, whether a party has possession of requested documents and materials is only part of the standard. Parties are under an obligation to produce any documents within their possession, *custody and control*. Fed. R. Civ. P. 34. Defendant did not address whether he has custody and control of these documents, i.e., whether he had access to them in his position at the prison.

Thus within 30 days, Defendant shall file a brief indicating whether he has custody and control over the requested documents, and should indicate what if anything he did to conduct his search for those documents.

Regarding Request 6 (typed copy of recordings from all interviews by agent M. Dunlop from O.I.A. prison staff and inmate interviews, most importantly Defendant's interview); Request 8 (copy of Lt. Morales report from interviews of July 2, 2012 of witnesses concerning the investigation of defendant's misconduct and any other available reports pertaining to this case); Request 9 (all reports documented by staff concerning defendant's use of force/misconduct); Request 10 (copies of reports regarding allegations made by inmates concerning the use of force and misconduct by Defendant); Request 11[1] (copies of disciplinary records, pay cut, re assignment for misconduct), Defendant includes the following objection number 9 in addition to the boilerplate objections listed above:

> Given that the CDCR is the custodian of records and the Request is vague, ambiguous and overly broad, it is impossible and unduly burdensome and oppressive for defendant to surmise or speculate what documents may be sought or subject to a privilege. To the extent that the records sought are part of plaintiff's non-privileged CDCR C-File, they are readily available to plaintiff.

(Doc. 41 at 36:26-37:2.)

---

[1] Defendant mislabeled this as Request 12 in its response.

Notably as to these requests, Defendant omits the objection about lacking possession of said documents, suggesting that Defendant does in fact have them.

In its opposition to Plaintiff's motion to compel, Defendant fails to make any substantive argument regarding any of these requests. Defendant merely copies all of its boilerplate objections and claims that Plaintiff has failed to address them. As discussed above, this is not a proper objection. It is not the Court's responsibility to sort out which of the many objections has any merit or applies to documents, without even having access to such documents.

Defendant's argument that it is impossible, burdensome and oppressive for him to determine privilege is not the law. If Defendant wishes to withhold a document on the basis of privilege, he must provide a privilege log. He may not ignore document requests by stating it is possible that a privilege applies. This Court will allow Defendant an opportunity to provide a detailed privilege log, specifying the basis for any privilege on a document-by-document basis, and make such documents available to the Court for *in camera* review upon the Court's request.

Without any clear argument from Defendant, this Court must determine for itself which of Plaintiff's requests seek discoverable information. On their face, these requests, to the extent they seek information about the incident on May 23, 2011 or about instances of excessive force involving the Defendant, appear reasonably calculated to lead to the discovery of admissible evidence. Thus, the Court will order that they be produced.

Finally, Defendant has failed to provide any objection to Request 12 for "cop[ies] from findings from 602 inmate appeals inmates have fil[ed] on defendant for excessive force/misconduct." Accordingly, any objections have been waived.

**IV.  CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days from this order, Defendant shall file a brief indicating whether it has custody or control regarding the documents sought in Request 1 (incident commander review report of May 23, 2011), Request 2 (Regional use of force

coordinator report CDCR form 3034-A-(9/09), Request 3 (Report of executive review committee-use of force/misconduct allegation CDCR form 3036-A (9/09) concerning this matter), Request 4 (report of executive committee critique and qualitative evaluation/analysis), Request 5 (copy from the report from the investigation conducted by internal affairs agent M. Dunlop), Request 7 (copy of the video recording by Lt. Ostransa and Sgt. Krby of plaintif's interview); and Request 13 (a picture where the event took place).  Defendant shall also indicate what it did to search for these documents.

2. Within 30 days from the date of this order, Defendant shall produce all responsive documents to Request 6 (typed copy of recordings from all interviews by agent M. Dynlop from O.I.A. prison staff and inmate interviews, most importantly Defendant's interview); Request 8 (Copy of Lt. Morales report from interviews of July 2, 2012 of witnesses concerning the investigation of defendant's misconduct and any other available reports pertaining to this case); Request 9 (all reports documented by staff concerning defendant's use of force/misconduct); Request 10 (copies of reports regarding allegations made by inmates concerning the use of force and misconduct by Defendant); Request 11 (copies of disciplinary records, pay cut, re assignment for misconduct), and Request 12 (copies from findings from 602 inmate appeals inmates have fil[ed] on defendant for excessive force/misconduct) to the extent they concern the incident of May 23, 2011 described in Plaintiff's complaint, or any other allegations of excessive force by Defendant from five years prior to the incident until the present.

3. If Defendant wishes to assert a privilege for any of the documents listed above, it must provide a detailed privilege log asserting the basis of any privilege on a document-specific basis.  Defendant must produce any partially-privileged documents in redacted form.  Defendant should be prepared to deliver any withheld documents to the Court for *in camera* review upon the Court's request.

///

4. Any additional document requests or document subpoeans Plaintiff chooses to serve on the California Department of Corrections and Rehabilitation (CDCR) shall be considered timely if served within 30 days of this order.

IT IS SO ORDERED.

Dated: __**October 30, 2015**__          /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE