UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, JR., <br><br>        Plaintiff, <br><br>   vs. <br><br> MATTHEW M. JUAREZ, JR., <br><br>        Defendant. | 1:12-cv-00750-AWI-EPG-PC <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL REGARDING INTERROGATORY RESPONSES (Doc. 40.) <br><br> ORDER FOR DEFENDANT JUAREZ TO PROVIDE FURTHER RESPONSES AS INSTRUCTED BY THIS ORDER, WITHIN THIRTY DAYS |

**I.     BACKGROUND**

Roberto M. Garcia Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 8, 2012.  (Doc. 1.)  This case now proceeds on the First Amended Complaint, filed on June 14, 2013, against defendant Sergeant Matthew M. Juarez, Jr. ("Defendant") for excessive force.  (Doc. 11.)

On April 13, 2015, Plaintiff filed a motion to compel further responses by defendant Juarez to Plaintiff's first set of interrogatories.  (Doc. 40.)  On April 28, 2015, Defendant filed an opposition to the motion.  (Doc. 42.)

Plaintiff's motion to compel is now before the Court.

**II.    APPLICABLE LEGAL STANDARDS**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Id. A party may

propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff is entitled to leniency as a *pro se* litigant; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits. Hunt, 672 F.3d at 616; Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002.)

### III.  PLAINTIFF'S MOTION TO COMPEL

Plaintiff's motion is directed to eleven interrogatories: Interrogatory Number 3 (whether defendant kicked Plaintiff with right or left foot),[1] Interrogatory Number 5 (whether any other CDC staff member reported Defendant's misconduct), Interrogatory Number 6 (whether there was a further inquiry by internal affairs), Interrogatory Number 7 (whether Defendant was interviewed about the incident), Interrogatory Number 8 (whether Defendant told O.I.A. he had kicked plaintiff), Interrogatory Number 9 (whether Defendant reported that he twisted Plaintiff's arm behind Plaintiff's back), Interrogatory Number 12 (whether anyone determined that there was a violation of CDC policy), Interrogatory Number 13 (what was O.I.A.'s determination regarding excessive force), Interrogatory Number 18 (whether there have been other allegations of excessive force against defendant), Interrogatory Number 19 (whether any other inmate appeals have been filed against defendant), Interrogatory Number 24 (whether defendant can be assigned to Kern Valley State Prison "C" while Plaintiff is housed there).

---

[1] Note that the descriptions in the parentheses are summaries rather than verbatim recitals of the interrogatory.

Notably, there is no specific discussion by either party about any of these interrogatories. Plaintiff's motion states generally that the responses are evasive and that the objections are without merit. Defendant merely states that "[a]ppropriate responses were made and his Motion should be denied." (Doc. 41 at 3:28-4:1.) Moreover, the parties did not meet and confer before the motion was filed. It appears that Plaintiff requested a meet and confer on March 10, 2015, and that Defendant failed to respond by the time Plaintiff filed this motion on April 13, 2015. So the Court is left only with the requests and statements of objections without explanation from either party, and will endeavor to determine whether those requests seek discoverable information.

With this in mind, the Court finds that Interrogatory 3 is proper and Defendant should respond regarding whether Defendant contends he kicked Plaintiff with his right foot, left foot, or did not kick him at all. This information is relevant to Plaintiff's claim and a proper subject for an interrogatory.

Next, the Court finds that the set of Interrogatories regarding what Defendant told other prison officials during any investigation, and the conclusion of any such investigations, regarding the incident that is subject of the complaint are appropriate. Some of Defendant's responses are indeed evasive and nonresponsive (e.g., response number 8 ("Defendant provided responsive information to the CDCR regarding the subject incident")). (Doc. 40 at 14:19-20.) As to others, Defendant objects that the information "may be subject to official privileges, peace officer bill of rights and/or this responding party's privacy rights or the rights of a third party." (E.g., Doc. 40 at 16:2-4.) No specific information or specific privilege is referenced. As this incident concerned the Plaintiff, who is requesting the information, and Defendant, the Court does not see how responses would implicate privacy rights. The Court similarly knows of no privilege shielding from discovery what a prison official tells other prison officials in the course of an official investigation about a prison incident. Similarly, Defendant cites no provision in the Police Officer's Bill of Rights ("POBOR"), California Government Code § 3300 et seq., which would restrict discovery in this case, and the Court sees none. On the contrary, the POBOR allows an officer access to all of its personnel files. See California

Government Code § 3306.5 ("Each employer shall keep each public safety officer's personnel file or a true and correct copy thereof, and shall make the file or copy thereof available within a reasonable period of time after a request therefor by the officer."). This suggests that the Defendant has a right to access this information, which is relevant both for these responses as well as Defendant's responses to Plaintiff's document requests discussed in a separate order. Thus Defendant is thus ordered to respond to Interrogatories 5, 6, 7, 8, 9, 12, and 13.

That said, if Defendant believes that any response or portion of a response to an interrogatory would violate a privilege or pose a security threat, Defendant may prepare such a response and provide it to the Court *in camera* with an explanation of any privilege or security issue involved so that the Court can fully consider such a response before ordering it be provided to Plaintiff. Note, however, that Defendant shall provide all interrogatory responses that do not fall within this exception directly to Plaintiff at the time provided in this Order.

Two interrogatories request information about other incidents of excessive force or similar types of complaints against Defendant. See Interrogatory 18 and 19. Rule 404 of the Federal Rules of Evidence states, regarding "Crimes, Wrongs, and Other Acts," that "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Although there are certain exceptions to this rule, without any explanation why any exception would apply, this Court defers to this standard rule and denies the motion to compel as to interrogatories 18 and 19.

Finally, Interrogatory 24 asks, "Can you be assigned to a position in Kern Valley State Prison 'C' yard while plaintiff is housed th[ere]?" Defendant objects as vague and ambiguous among other objections. The Court agrees with Defendant as the Court also does not understand the question or its relevance to this case. Thus, Plaintiff's motion to compel as to Interrogatory 24 is denied.

///

///

///

## IV.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant shall provide responses to Interrogatories 3, 5, 6, 7, 8, 9, 12, and 13 within 30 days from the date of this order.
2. If Defendant believes that providing all or a portion of these responses to the Plaintiff poses a security threat or infringes on a privilege, Defendant shall provide any such responses to the Court for *in camera* review along with an explanation of the security or privilege issue, within 30 days from the date of this order.
3. Plaintiff's motion to compel as to 18, 19, and 24 is denied.

IT IS SO ORDERED.

Dated:   **November 9, 2015**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE