UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, JR., <br><br> Plaintiff, <br><br> vs. <br><br> MATTHEW M. JUAREZ, JR., <br><br> Defendant. | 1:12-cv-00750-AWI-EPG (PC) <br><br> ORDER GRANTING DEFENDANT'S REQUEST FOR EXTENSION OF TIME TO COMPLY WITH COURT'S ORDER OF NOVEMBER 2, 2015 <br> (ECF No. 52.) <br><br> THIRTY DAY DEADLINE TO PROVIDE DISCOVERY RESPONSES |

**I.   BACKGROUND**

Roberto M. Garcia, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On May 8, 2012, Plaintiff filed the Complaint commencing this action. (Doc. 1.) This case now proceeds on Plaintiff's First Amended Complaint, filed on June 14, 2013, against defendant Sergeant Matthew M. Juarez, Jr. ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 11.)

On November 30, 2015, Defendant filed a request for extension of time to comply with the Court's order issued on November 2, 2015. (ECF No. 52.)

**II.   DEFENDANT'S REQUEST FOR EXTENSION OF TIME**

Defendant seeks an extension of time to comply with the Court's order of November 2, 2015 (ECF No. 49), which granted Plaintiff's motion to compel of April 20, 2015 (ECF No. 41)

---

[1] On May 9, 2014, the court issued an order dismissing all other claims from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

1

and required Defendant to provide further discovery responses within thirty days. Defendant requests an extension due to: (1) the press of business; (2) the Thanksgiving holiday; (3) defense counsel's office having been short staffed; and (4) the discovery that there was a calendaring error concerning the deadline to respond to the Court's order.

Defendant Juarez's request is not well taken. Defendant filed his request only a few days before his discovery responses were due. In other words, Defendant has chosen to not comply with the Court's order and asked for permission when it was already too late to comply. Moreover, Defendant's reasons for the extension of time, including "press of business" and a calendaring error, are not convincing. (ECF No. 52 at 3 ¶2.) The Court notes that Defendant has engaged outside counsel, who is presumed to have time and ability to litigate the cases he has taken on. Additionally, Defendant does not respond to the Court's order for a declaration explaining what steps he has taken to search for responsive documents. The Court again draws Defendant's attention to the Police Officer's Bill of Rights, California Government Code § 3300 et seq., which allows an officer access to all of its personnel files. See California Government Code § 3306.5 ("Each employer shall keep each public safety officer's personnel file or a true and correct copy thereof, and shall make the file or copy thereof available within a reasonable period of time after a request therefor by the officer."). At this point, the Court is not convinced that Defendant has done anything at all to comply with his discovery obligations, imposed originally by Plaintiff's requests and then confirmed by the Court's order. This comes after the Court already noted that it had concerns about Defendant's good faith in complying with his obligations in this case.[2]

Given that Defendant Juarez has already declined to comply with the Court's order, the Court will reluctantly extend the time to comply by thirty days. No further extensions will be

---

[2] "Defendant's use of only boilerplate objections and failure to produce any documents whatsoever makes the Court question Defendant's good faith in responding to the discovery requests. This conclusion is supported by Defendant's discussion of the meet and confer requirements. It appears that Plaintiff asked for a meet and confer on March 10, 2015. Defendant failed to respond for over a month, and thus Plaintiff filed this motion on April 20, 2015. Defendant not only claims that he lacked "a chance to serve a written response," in that time, but asks this Court to deny Plaintiff's motion because *Plaintiff* failed to meet and confer. Defendant's responses are not well taken and indicate that Defendant did not abide by its discovery obligations in good faith." (Court's Order, ECF No. 49 at 3:16-24.)

granted and the Court will not otherwise modify its order.  If Defendant wishes to get input from the CDCR regarding what if any documents should be submitted *in camera* for potential redactions prior to turning over to the Plaintiff, it can do so.  But Defendant Juarez himself has a discovery obligation and must comply with the Federal Rules of Civil Procedure in full.

### III.   CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Defendant Juarez's request for extension of time, filed on November 30, 2015, is GRANTED;
2. Within thirty days of the date of service of this order, Defendant Juarez shall provide discovery responses in compliance with the Court's order issued on November 2, 2015; and
3. Defendant Juarez's failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:  **December 8, 2015**              /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE