UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, JR.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MATTHEW M. JUAREZ, JR.,<br><br>　　　　Defendant. | 1:12-cv-00750-AWI-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR ISSUANCE OF SUBPOENA DUCES TECUM, AND PLACING PARTIES ON NOTICE THAT THE SUBPOENA TO THE CDCR SHALL ISSUE AFTER FIFTEEN DAYS FROM THE DATE OF SERVICE OF THIS ORDER<br>(ECF No. 53.) |

**I.　　BACKGROUND**

　　Roberto M. Garcia, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On May 8, 2012, Plaintiff filed the Complaint commencing this action.  (Doc. 1.)

　　On November 30, 2015, Plaintiff filed a request for issuance of a subpoena against non-party California Department of Corrections and Rehabilitation (CDCR), commanding the production of documents.  (ECF No. 53.)

## II. REQUEST FOR ISSUANCE OF SUBPOENA

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b).

Plaintiff seeks copies of the following documents and reports:

(1) Incident Commander Review Report of May 23, 2011;

(2) Regional Use of Force Coordinator report, CDCR form 3034-A (9/09);

(3) Report of Executive Review Committee use of force/misconduct allegation, CDCR form 3036-A (9/09) concerning this matter;

(4) Report of Executive Committee critique and qualitative evaluation/analysis;

(5) Copy from the report of the investigation conducted by Internal Affairs Agent M. Dunlop;

(6) Copy of the video recording by Lt. Ostransa and Sgt. Kirby of Plaintiff's interview; and

(7) A picture of where the event took place.

Plaintiff's request for issuance of a subpoena, to the extent he seeks information about the excessive force incident on May 23, 2011, appears relevant and proportional to the needs of the case pursuant to Federal Rule of Civil Procedure 26(b). Although there may be issues

regarding confidentiality and security, they can be dealt with through a privilege log or *in camera* review. Thus, the Court shall grant Plaintiff's request. Plaintiff is proceeding *pro se* and *in forma pauperis*, and is entitled to service of the subpoena by the United States Marshal. 28 U.S.C. § 1915(d). Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order provides the requisite notice to the parties that the Court will, after fifteen days from the date of service of this order, issue the subpoena and direct the United States Marshal to effect personal service.

### III. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for the issuance of a subpoena, filed on November 30, 2015, is GRANTED; and
2. Pursuant to Rule 45(b)(1), the parties are placed on notice that a subpoena duces tecum to the CDCR shall be issued after **fifteen (15) days** from the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 8, 2015**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE