UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, JR., | 1:12-cv-00750-AWI-EPG-PC |
| Plaintiff, | SCHEDULING ORDER FOLLOWING STATUS CONFERENCE HELD ON APRIL 26, 2016 |
| vs. | **Settlement Conference:**<br>**August 16, 2016**<br>**11:00 a.m.**<br>**Courtroom 10 (EPG)** |
| MATTHEW M. JUAREZ, JR., | |
| Defendant. | **Confidential Settlement Conference**<br>**Statements Due:**   **August 9, 2016** |
| | **Telephonic Trial Confirmation Hearing:**<br>**August 26, 2016 at 1:30 p.m.**<br>**Courtroom 2 (AWI)** |
| | **Jury Trial:**<br>**January 17, 2017 at 8:30 a.m.**<br>**Courtroom 2 (AWI)** |
| | ORDER FOR CLERK TO SEND DEFENDANT A CONSENT/DECLINE FORM |

I.      BACKGROUND

Plaintiff, Roberto M. Garcia, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed

1

on May 8, 2012.  (ECF No. 1.)  This action now proceeds with the First Amended Complaint, against defendant Sergeant Matthew M. Juarez, Jr. ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1]

On December 8, 2014, Court issued a Discovery/Scheduling Order setting out deadlines in the case, including an Exhaustion Motion Filing Deadline of March 8, 2015; Deadline to Amend Pleadings of June 8, 2015; Deadline for Discovery, including filing of motions to compel, of August 8, 2015; and Dispositive Motion Deadline of October 19, 2015.  (ECF No. 32.)  All of the deadlines in the Discovery/Scheduling Order have expired.

## II.   STATUS CONFERENCE

On April 26, 2016 at 9:45 a.m.,[2] a telephonic status conference was held before Magistrate Judge Erica P. Grosjean.  Plaintiff appeared telephonically on his own behalf, and attorney Thomas P. Feher of LeBeau - Thelan, LLP appeared telephonically on behalf of Defendant.  The parties discussed the status of this case, discovery issues, consent to Magistrate Judge jurisdiction, whether a settlement conference would be beneficial, and a trial schedule.

### A.   **Consent**

Plaintiff has consented to Magistrate Judge jurisdiction in this action under 28 U.S.C. § 636(c).  (ECF No. 35.)  Defendant has not consented to or declined Magistrate Judge jurisdiction.  Defendant is required to file notice of his consent or decline **no later than May 5, 2016**.

### B.   **Settlement Conference**

A settlement conference was scheduled for **August 16, 2016 at 11:00 a.m.** in Courtroom 10 before Magistrate Judge Grosjean.  The parties' confidential settlement conference statements shall be due one week before the settlement conference, no later than **August 9, 2016**.

---

[1]On May 9, 2014, the Court issued an order dismissing all other claims and defendants from this action, for failure to state a claim.  (ECF No. 19.)

[2] The hearing, which was scheduled for 9:30 a.m., was delayed due to issues connecting Plaintiff with the hearing.

**C.**     **Discovery**

On April 19, 2006 and April 22, 2016, the Court received Defendant's and Plaintiff's status reports of outstanding discovery issues.  (ECF Nos. 66, 68.)  Defendant did not raise any discovery issues.  Plaintiff raised issues concerning the responses he received to interrogatories and requests for production of documents.   The Court focused on the documents requested by Plaintiff pursuant to subpoenas issued to non-parties Agent M. Dunlop and CDCR.

Plaintiff informed the Court that CDCR had not provided any documents pursuant to the subpoena except those found in Plaintiff's C-File, and CDCR claimed that all of the other requested documents were privileged.  The Court granted Plaintiff leave to file a motion to compel CDCR to produce the privileged documents, with explanation in the motion to compel why Plaintiff needs those documents and which documents Plaintiff believes are not privileged.

Plaintiff informed the Court that the U.S. Marshal was unable to serve the subpoena upon Agent I. Dunlop because the building where service was attempted was under construction, vacant of any businesses.  The Court advised Plaintiff to send the Court a copy of the return of service he received from the U.S. Marshal, together with a motion for reissuance of the subpoena, to enable the Court to direct the Marshal to make a further attempt to serve Agent I. Dunlop.

**D.**     **Plaintiff's Motion for Counsel**

No ruling was made at the hearing on Plaintiff's motion for appointment of counsel, filed on April 22, 2016, and the motion remains pending.  (ECF No. 67.)

**III.**   **TTCH and Jury Trial**

The Court set dates for a telephonic trial confirmation hearing (TTCH) and jury trial for this case before District Judge Anthony W. Ishii.  The TTCH shall be held before Judge Ishii on **August 26, 2016 at 1:30 p.m.**, and jury trial before Judge Ishii shall commence on **January 17, 2017 at 8:30 a.m.**

The parties are required to file pretrial statements in accordance with the schedule set forth herein.   In addition to the matters already required to be addressed in the pretrial statement in accordance with Local Rule 281, Plaintiff will be required to make a particularized

showing in order to obtain the attendance of witnesses. The procedures and requirements for making such a showing are outlined in detail below. **Plaintiff is advised that failure to comply with the procedures set forth below may result in the preclusion of any and all witnesses named in his pretrial statement.**

At the trial of this case, Plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is Plaintiff's responsibility to produce all of the evidence to prove his case, whether that evidence is in the form of exhibits or witness testimony. If Plaintiff wants to call witnesses to testify, he must follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

1. <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily</u> - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to Court unless this Court orders the warden or other custodian to permit the witness to be transported to Court. This Court will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend; <u>and</u> (b) the prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file <u>concurrent with the pre-trial statement</u> a written motion for a Court order requiring that such witnesses be brought to Court at the time of trial. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty

of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (i.e., if an incident occurred in plaintiff's cell and, at the time, plaintiff saw that a cellmate was present and observed the incident, plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to Court.  Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to Court.

**Motions for the attendance of incarcerated witnesses, if any, must be filed on or before <u>June 10, 2016</u>.  Oppositions, if any, must be filed on or before <u>July 8, 2016</u>.**

2.    <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>  -  If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with his pre-trial statement a motion for the attendance of such witnesses.  Such motion should be in the form described above.  In addition, the party must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

3.    <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>  -  It is the responsibility of the party who has secured an unincarcerated

5

witness's voluntary attendance to notify the witness of the time and date of trial.  No action need be sought or obtained from the Court.

4. <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>  -  If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness must be served with a subpoena. Fed. R. Civ. P. 45.  In addition, the party seeking the witness's presence must tender an appropriate sum of money for the witness.  <u>Id.</u>  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 <u>plus the witness's travel expenses</u>.  28 U.S.C. § 1821.

If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated witness.  The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the amount(s).  Plaintiff must then, for each witness, submit a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00.  <u>The subpoena will not be served upon the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court</u>.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party was granted leave to proceed *in forma pauperis*.

**If Plaintiff wishes to have the Marshal serve any unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must submit the money orders to the Court no later than <u>July 8, 2016</u>.  In order to ensure timely submission of the money orders, Plaintiff must notify the Court of the names and locations of his witnesses, in compliance with step one, no later than <u>June 10, 2016</u>.**

The parties are advised that failure to file pretrial statements as required by this order may result in the imposition of appropriate sanctions, which may include dismissal of the action or entry of default.

///

///

## IV.   CONCLUSION

Accordingly, the Court HEREBY ORDERS as follows:

1.   On or before May 5, 2016, Defendant shall complete and submit the Court's form indicating whether Defendant consents to or declines Magistrate Judge jurisdiction;

2.   A settlement conference is scheduled for **August 16, 2016 at 11:00 a.m.**, before Magistrate Judge Erica P. Grosjean in Courtroom 10 at the United States Courthouse, Sixth Floor, Courtroom 10, 2500 Tulare Street, Fresno, California;

3.   Defense counsel shall appear at the settlement conference in person with full authority to negotiate and settle the case on any terms. Government entities may appear through litigation counsel only, but must have immediate access to the individual with settlement authority.   The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions;

4.   Plaintiff shall appear at the settlement conference in person.  A Writ of habeas corpus *ad testificandum* shall be issued to transport Plaintiff to Court for the settlement conference.

5.   Each party shall provide a Confidential Settlement Conference Statement to:

> Chambers of Magistrate Judge Erica P. Grosjean
> United States District Court
> 2500 Tulare Street, Room 1501
> Fresno, California  93721

so they are received no later than **August 9, 2016**, and file a **Notice of Submission** of the Confidential Settlement Conference Statement with the Clerk of the Court (See L.R. 270(d)). Settlement statements **should not be filed** with the Clerk of the Court nor served on any other party. Settlement statements shall be clearly marked "CONFIDENTIAL" with the date and time of the settlement conference indicated prominently thereon. The confidential settlement statement

shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

      a.     A brief statement of the facts of the case;

      b.     A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute;

      c.     An estimate of the cost and time to be expended for further discovery, pretrial, and trial;

      d.     The relief sought;

      e.     The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands; and

      f.     A brief statement of each party's expectations and goals for the settlement conference;

6.     This matter is set for a telephonic trial confirmation hearing before the Honorable Anthony W. Ishii **August 26, 2016 at 1:30 p.m.** in Courtroom 2;

7.     This matter is set for jury trial before the Honorable Anthony W. Ishii on **January 17, 2017 at 8:30 a.m.** in Courtroom 2;

8.     Counsel for Defendant is required to arrange for the participation of Plaintiff in the telephonic trial confirmation hearing and to initiate the telephonic hearing at **(559) 499-5669**;

9.     Plaintiff shall file and serve a pretrial statement as described in this order on or before **June 10, 2016**;

10.     Defendant shall file and serve a pretrial statement as described in this order on or before **July 8, 2016**;

11.     In addition to electronically filing the pretrial statement, Defendant shall e-mail the pretrial statement to: awiorders@caed.uscourts.gov;

12.   If Plaintiff intends to call incarcerated witnesses at time of trial, Plaintiff shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **June 10, 2016**;

13.   The opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **July 8, 2016**;

14.   If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **June 10, 2016**, and must submit the money orders, as described on page 6 subsection 4 of this order, to the Court on or before **July 8, 2016**;

15.   The Clerk's Office shall send Plaintiff a copy of Local Rule 281; and

16.   The Clerk's Office shall send Defendant the Court's form for consent/decline of Magistrate Judge jurisdiction.

IT IS SO ORDERED.

Dated:   **May 11, 2016**                  /s/ _Erica P. Grosjean_

UNITED STATES MAGISTRATE JUDGE