UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, JR.,<br><br>             Plaintiff,<br><br>       vs.<br><br>MATTHEW M. JUAREZ, JR.,<br><br>             Defendant. | 1:12-cv-00750-AWI-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S REQUEST FOR RE-ISSUANCE OF SUBPOENA DUCES TECUM, AND PLACING PARTIES ON NOTICE THAT THE SUBPOENA TO AGENT M. DUNLOP, OFFICE OF INTERNAL AFFAIRS,_SHALL ISSUE AFTER FIFTEEN DAYS FROM THE DATE OF SERVICE OF THIS ORDER<br>(ECF No. 75.) |

## I.    BACKGROUND

Roberto M. Garcia, Jr. ("Plaintiff") is a state prisoner proceeding with limited purpose counsel[1] with this civil rights action pursuant to 42 U.S.C. § 1983.  On May 8, 2012, Plaintiff filed the Complaint commencing this action. (Doc. 1.)  This case now proceeds on Plaintiff's First Amended Complaint, filed on June 14, 2013, against defendant Sergeant Matthew M.

---

[1] On May 25, 2016, the Court appointed Michael G. McKneely as counsel for Plaintiff for the limited purpose of (1) assisting Plaintiff to bring a motion to compel responses and documents from the CDCR that the CDCR has claimed are privileged; and (2) assisting Plaintiff with preparing for and participating in the August 16, 2016 settlement conference.  (ECF No. 76.)

Juarez, Jr. ("Defendant") for use of excessive force in violation of the Eighth Amendment.[2] (ECF No. 11.)

On May 23, 2016, Plaintiff filed a request for re-issuance of a subpoena as to non-party Agent M. Dunlop, Office of Internal Affairs, commanding the production of documents. (ECF No. 75.)

## II.   REQUEST FOR ISSUANCE OF SUBPOENA

"A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials." Fed. R. Civ. P. 45(a)(1)(D). "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Plaintiff requests re-issuance of the subpoena *duces tecum* that was issued on December 7, 2015, compelling non-party Agent M. Dunlop, Office of Internal Affairs, to produce documents. The U.S. Marshal was unable to serve Agent M. Dunlop with the subpoena because "the building was under construction vacant of any businesses." (ECF No. 75 at 6.)

At the hearing on April 26, 2016, the Court advised Plaintiff to send the Court a copy of the return of service he received from the U.S. Marshal, together with a motion for reissuance of the subpoena, to enable the Court to direct the Marshal to make a further attempt to serve Agent M. Dunlop. Plaintiff has now filed a motion as instructed and provided a copy of the return of service for the Court's review.

///

---

[2] On May 9, 2014, the Court issued an order dismissing all other claims from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

Plaintiff seeks copies of "all records, documents, recorded interviews and any data available concerning the investigation conducted by the Office of Internal Affairs on this matter, Inmate Appeals 602 Log: KVSP 11-00760." (ECF No. 75 at 3.) Plaintiff also requests production of the specific documents identified below:

1. Incident Commander Review Report of May 23, 2011.
2. Regional Use of Force Coordinator Report, CDCR form 3034-A (9/09).
3. Report of Executive Review Committee Use of Force/Misconduct Allegation, CDCR Form 3036-A concerning this matter.
4. Report of Executive Committee Critique and Qualitative Evaluation/Analysis.
5. Copy from the report of the investigation conducted by Internal Affairs Agent M. Dunlop.
6. Copy of the video recording by Lt. Ostransa and Sgt. Kirby of Plaintiff's Interview.
7. A picture of where the event took place.

Plaintiff also requests the Court to direct the U.S. Marshal to find the current location of the Office of Internal Affairs to enable successful service of the subpoena.

Plaintiff's request for re-issuance of a subpoena, to the extent he seeks information about the excessive force incident on May 23, 2011, appears reasonably calculated to lead to the discovery of admissible evidence. Thus, the Court shall grant Plaintiff's request. Plaintiff is proceeding *pro se* and *in forma pauperis*, and is entitled to service of the subpoena by the United States Marshal. 28 U.S.C. § 1915(d). Pursuant to Federal Rule of Civil Procedure 45(b)(1), this order provides the requisite notice to the parties that the Court will, after fifteen days from the date of service of this order, issue the subpoena and direct the U.S. Marshal to effect personal service.

### III. CONCLUSION

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's request for re-issuance of a subpoena, filed on May 23, 2016, is GRANTED; and

2. Pursuant to Rule 45(b)(1), the parties are placed on notice that a subpoena *duces tecum* directed to Agent M. Dunlop, Office of Internal Affairs, shall be issued after **fifteen (15) days** from the date of service of this order.

IT IS SO ORDERED.

Dated: **June 23, 2016**                                                    /s/ Erica P. Grosjean
                                                                            UNITED STATES MAGISTRATE JUDGE