UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, JR.,<br><br>    Plaintiff,<br><br>    vs.<br><br>MATTHEW M. JUAREZ, JR.,<br><br>    Defendant. | 1:12-cv-00750-AWI-EPG-PC<br><br>ORDER GRANTING PARTIES' MOTIONS TO MODIFY MAY 11, 2016 SCHEDULING ORDER<br>(ECF Nos. 77, 80.)<br><br>ORDER EXTENDING DATES AND DEADLINES AS DISCUSSED IN THIS ORDER<br><br>**NEW DATE**<br>**Telephonic Trial Confirmation Hearing:**<br>    **December 2, 2016 at 1:30 p.m.**<br>    **Courtroom 2 (AWI)**<br><br>**Jury Trial:**<br>    **January 17, 2017 at 8:30 a.m.**<br>    **Courtroom 2 (AWI)** |

## I.    BACKGROUND

Roberto M. Garcia, Jr. ("Plaintiff") is a state prisoner proceeding with limited purpose counsel[1] with this civil rights action pursuant to 42 U.S.C. § 1983.  On May 8, 2012, Plaintiff

---

[1] On May 25, 2016, the Court appointed Michael G. McKneely as counsel for Plaintiff for the limited purpose of (1) assisting Plaintiff to bring a motion to compel responses and documents from the CDCR that the CDCR has claimed are privileged; and (2) assisting Plaintiff with preparing for and participating in the August 16, 2016 settlement conference.  (ECF No. 76.)

filed the Complaint commencing this action. (ECF No. 1.) This case now proceeds on Plaintiff's First Amended Complaint, filed on June 14, 2013, against defendant Sergeant Matthew M. Juarez, Jr. ("Defendant") for use of excessive force in violation of the Eighth Amendment.[2] (ECF No. 11.)

On August 16, 2016 at 11:00 a.m., the parties participated in a Settlement Conference before Magistrate Judge Sheila K. Oberto. The case did not settle.

This case is scheduled for jury trial on January 17, 2017 at 8:30 a.m. before District Judge Anthony W. Ishii. On May 11, 2016, the Court issued a Scheduling Order establishing deadlines before trial, including deadlines for the parties to file pretrial statements and for Plaintiff to file a motion for attendance of incarcerated witnesses. (ECF No. 71.) Pursuant to the Scheduling Order, Plaintiff's pretrial statement and motion for attendance of incarcerated witnesses were due on June 10, 2016, and Defendant's pretrial statement was due on July 8, 2016. (Id.)

On June 3, 2016, Plaintiff filed a motion for extension of time to file his pretrial statement and motion for attendance of incarcerated witnesses. (ECF No. 77.) On July 1, 2016, Defendant filed an ex parte application for extension of time to file and serve his pretrial statement. (ECF No. 82.) On August 15, 2016, Plaintiff filed his pretrial statement and a motion for attendance of incarcerated witnesses. (ECF Nos. 91, 92.)

The parties' requests for extension of deadlines are now before the Court.

## II.     MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The Court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the

---

[2] On May 9, 2014, the Court issued an order dismissing all other claims from this action, based on Plaintiff's failure to state a claim. (ECF No. 19.)

scheduling order fails to show due diligence the inquiry should end and the Court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff requests an extension of the deadline to file his pretrial statement and motion for attendance of incarcerated witnesses because discovery is ongoing and shall not be completed before the pretrial statement is due. Plaintiff argues that he requires additional time because at the April 26, 2016 telephonic hearing, the Court granted him leave to file a motion to compel the California Department of Corrections and Rehabilitation (CDCR) to produce documents. Plaintiff also requires additional time to serve a subpoena *duces tecum* upon OIA Agent M. Dunlop compelling the production of documents. Plaintiff asserts that the report he seeks from Agent Dunlop is very important to his case because it contains facts, findings, and witness statements relevant to his claims. Plaintiff also requests additional time to contact his witnesses to confirm their willingness to testify.

Defendant requests an extension of the deadline to file his pretrial statement, until thirty days after Plaintiff's pretrial statement is filed. Defendant argues that until he has received Plaintiff's pretrial statement, he cannot comply with Local Rule 281 which requires the parties to try to agree upon various undisputed issues and stipulate to facts when possible when preparing their pretrial statements.

**Discussion**

The Court finds good cause to extend the deadlines as requested by the parties. Both parties have shown that even with due diligence, they are unable to comply with deadlines in the Court's Scheduling Order because they will not receive materials needed before the deadlines expire. Therefore, the Court shall grant the parties' requests for extension of the deadlines.

In his pretrial statement filed on August 15, 2016, Plaintiff asserts that he has not received discovery responses expected from CDCR or Agent Dunlop of the Office of Internal Affairs. In light of the fact that discovery has not concluded, the Court shall allow Plaintiff to replace his pretrial statement filed on August 15, 2016 by filing an amended pretrial statement

3

on or before **October 20, 2016**, if he so wishes. The deadline for Defendant to file his pretrial statement shall be extended from July 8, 2016 to **November 20, 2016**.

The Court also finds good cause to extend the deadlines in the Court's Scheduling Order for Plaintiff to file a motion for the attendance of incarcerated witnesses at trial and provide witness information to the Court. Plaintiff filed a motion for the attendance of incarcerated witnesses on August 15, 2016. In light of the fact that Plaintiff has requested additional time to contact his witnesses, the Court shall allow Plaintiff to replace his motion for attendance of incarcerated witnesses filed on August 15, 2016 by filing an amended motion for the attendance of incarcerated witnesses on or before **October 20, 2016**, if he so wishes. The deadline for opposition to the motion for the attendance of incarcerated witnesses, if any, shall be extended from July 8, 2016 to **November 20, 2016**. The deadline for Plaintiff to notify the Court of names and locations of unincarcerated witnesses who refuse to testify voluntarily shall be extended from June 10, 2016 to **October 20, 2016**. And the deadline for Plaintiff to submit money orders, as described on page 6 subsection 4 of the Court's Scheduling Order, shall be extended from July 8, 2016 to **November 20, 2016**.

In addition, the Telephonic Trial Confirmation Hearing shall be continued from August 26, 2016 at 1:30 p.m. to **December 2, 2016 at 1:30 p.m.** before District Judge Anthony W. Ishii. The scheduled trial date remains the same: **January 17, 2017 at 8:30 a.m.** before District Judge Anthony W. Ishii.

All other provisions of the Court's May 11, 2016 Scheduling Order remain the same. The parties are advised to review the May 11, 2016 Scheduling Order.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The parties' motions to extend deadlines in the Court's May 11, 2016 Scheduling Order, filed on June 3, 2016 and July 1, 2016, are GRANTED;
2. Plaintiff is granted leave to replace his pretrial statement filed on August 16, 2016 by filing an amended pretrial statement on or before **October 20, 2016**, if he so wishes;

3. The deadline for Defendant to file and serve a pretrial statement is extended to **November 20, 2016**;

4. In addition to electronically filing the pretrial statement, Defendant shall e-mail the pretrial statement to: awiorders@caed.uscourts.gov;

5. Plaintiff is granted leave to replace his motion for attendance of incarcerated witnesses filed on August 15, 2016 by filing an amended motion for attendance of incarcerated witnesses on or before **October 20, 2016**, if he so wishes;

6. Defendant's opposition to the motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **November 20, 2016**;

7. If Plaintiff wishes to obtain the attendance of unincarcerated witnesses who refuse to testify voluntarily, Plaintiff must notify the Court of their names and locations on or before **October 20, 2016**, and must submit money orders, as described on page 6 subsection 4 of the Court's May 11, 2016 Scheduling Order, to the Court on or before **November 20, 2016**;

8. The Telephonic Trial Confirmation Hearing is continued from August 26, 2016 at 1:30 p.m. until **December 2, 2016 at 1:30 p.m.** before District Judge Anthony W. Ishii;

9. The date for Jury Trial remains the same: **January 17, 2017 at 8:30 a.m.** before District Judge Anthony W. Ishii in Courtroom 2; and

10. All other provisions of the Court's May 11, 2016 Scheduling Order remain the same.

IT IS SO ORDERED.

Dated: **August 18, 2016**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE