UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, Jr.<br><br>              Plaintiff,<br><br>   vs.<br><br>MATTHEW M. JUAREZ, Jr.,<br><br>              Defendant. | 1:12-cv-00750-AWI-EPG<br><br>ORDER REQUIRING SUPPLEMENTAL PRODUCTION BY THE CDCR OF DOCUMENTS WITHHELD PURSUANT TO THE "OFFICIAL INFORMATION PRIVILEGE" |

     Roberto M. Garcia Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983, although Plaintiff has been appointed counsel for purposes of this motion to compel.  (Doc. 76)  Plaintiff filed the Complaint commencing this action on May 8, 2012. (Doc. 1.)  This case now proceeds on the First Amended Complaint, filed on June 14, 2013, against defendant Sergeant Matthew M. Juarez, Jr. ("Defendant") for excessive force.

     On July 7, 2016, this Court ordered the CDCR to produce certain documents withheld pursuant to the Official Information Privilege. (Doc. 83).  The Court noted in that order that some documents were missing from the disclosure to the Court—specifically the underlying interviews that were summarized in various reports. (Doc. 83, at p. 12).

     Per the Court's order, on July 25, 2016, the CDCR delivered two CDs to the Court for supplemental *in camera* review.  Those CDs contained a video interview of the Plaintiff a well as numerous audio recordings of other interviews.

For the reasons set forth in the Court's prior order, the Court holds that the witness interviews are not protected by the Official Information Privilege.[1] The Court has performed a balancing test and finds that the interests of disclosure outweigh the interests of any legitimate security interest of the CDCR in withholding the information.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days from this order, the CDCR shall provide Plaintiff with all documents withheld under the official information privilege and provided *in camera* to the Court in its July 25, 2016 submission.
2. To the extent that Plaintiff's confinement prevents him from viewing or listening to such evidence, the CDCR shall make available a mechanism for Plaintiff to review such evidence consistent with the CDCR's security measures within 30 days from delivery to Plaintiff.

IT IS SO ORDERED.

Dated: __August 24, 2016__        /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is particularly troubled by the CDCR's withholding of the Plaintiff's own interview and cannot find any colorable basis for the CDCR's invocation of the Official Information Privilege as a basis to withhold that interview from the Plaintiff in this case.