UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, JR.,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW M. JUAREZ, JR.,<br><br>Defendant. | 1:12-cv-00750-AWI-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER<br>(ECF NO. 108) |

Roberto M. Garcia, Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. This case now proceeds on Plaintiff's First Amended Complaint, filed on June 14, 2013, against defendant Sergeant Matthew M. Juarez, Jr. ("Defendant") for use of excessive force in violation of the Eighth Amendment.[1] (ECF No. 11). On October 7, 2016, Plaintiff filed a motion for the Court to reconsider its order granting the California Department of Corrections and Rehabilitation ("CDCR")'s motion to reconsider. (ECF No. 108). Because the relief Plaintiff seeks is unnecessary because it is already contained in the Court's prior order, Plaintiff's motion to reconsider will be denied.

---

[1] On May 9, 2014, District Judge Anthony W. Ishii issued an order dismissing all other claims from this action, based on Plaintiff's failure to state a claim. (ECF No. 19).

1

On August 24, 2016, this Court issued an Order requiring the California Department of Corrections and Rehabilitation (CDCR) to "provide Plaintiff with all documents withheld under the official information privilege and provided *in camera* to the Court in its July 25, 2016 submission." (ECF No. 96, p.2). The Court further ordered that "[t]o the extent that Plaintiff's confinement prevents him from viewing or listening to such evidence, the CDCR shall make available a mechanism for Plaintiff to review such evidence consistent with the CDCR's security measures within 30 days from delivery to Plaintiff." (Id.).

On September 7, 2016, the CDCR filed a motion to reconsider. (ECF No. 99). Because the evidence that the CDCR was supposed to turnover was on compact discs, and because California inmates are not allowed to possess compact discs unless they are factory sealed and pre-recorded, the CDCR requested that the Court modify its order of August 24, 2016, to allow the litigation office to hold the compact discs. (Id., p.2). The CDCR would then make the discs available for Plaintiff to review. (Id.)

On September 9, 2016, the Court granted the CDCR's motion. (ECF No. 101). The order states, in pertinent part, "[i]f Plaintiff's incarceration ends while this case is still pending, the CDCR shall make the discs available to Plaintiff at that time." (Id., p.2).

On October 7, 2016, Plaintiff filed what the Court construes as a motion to reconsider its order of August 24, 2016. (ECF No. 108). Plaintiff states that he was hospitalized on September 21, 2016, and was therefore unable to view the discs on the scheduled date of September 22, 2016. (Id. at 2). On September 26, 2016, Plaintiff was able to get to the scheduled viewing, but the mechanism provided by the CDCR was damaged and did not work. (Id.). Presumably because Plaintiff is being released soon, Plaintiff requests an order requiring the CDCR to send the discs to either Michael McKneely (the attorney who handled the settlement conference for Plaintiff) or the Clerk of Court, and directing that, upon Plaintiff's release, McKneely or the Clerk of Court forward the discs to Plaintiff. (Id. at 2-3).

Because the August 24, 2016 order already directs the CDCR to make the discs available to Plaintiff upon his release, the relief Plaintiff is requesting is unnecessary. If the CDCR fails to make the discs available to Plaintiff upon his release, Plaintiff can file a motion to compel and/or

a motion for sanctions.

Accordingly, IT IS ORDERED that Plaintiff's motion to reconsider (ECF No. 108) is DENIED.

IT IS SO ORDERED.

Dated:  **October 11, 2016**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE