UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, JR., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW M. JUAREZ, JR., <br><br> Defendant. | 1:12-cv-00750-AWI-EPG (PC) <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES <br> (ECF NO. 122) |

**I.   BACKGROUND**

Roberto M. Garcia, Jr. ("Plaintiff") is a former state prisoner proceeding *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 8, 2012. (ECF No. 1.) This action now proceeds on Plaintiff's First Amended Complaint (ECF No. 11) against defendant Juarez for use of excessive force in violation of the Eighth Amendment (ECF No. 19).

This case is scheduled for jury trial before District Judge Anthony W. Ishii, which is to commence on March 28, 2017, at 8:30 a.m. A pretrial conference is scheduled for January 18, 2017, at 2:00 p.m., before District Judge Ishii.

On November 30, 2016, Plaintiff filed a motion for attendance of incarcerated witnesses ("the motion"). (ECF No. 122). On December 7, 2016, Plaintiff filed a supplement to the motion. (ECF No. 123). On December 30, 2016, defendant Juarez filed an opposition to the

motion. (ECF No. 126). On January 6, 2017, Plaintiff filed a reply to the opposition. (ECF No. 128). The motion is now before the Court.

## II. ATTENDANCE OF INMATE WITNESSES AT TRIAL

On October 20, 2016, the Court issued a scheduling order which, among other things, advised Plaintiff of the requirements for bringing inmate witnesses to trial who voluntarily agree to testify. (ECF No. 116, pgs. 2-3). Plaintiff was informed that the Court must issue an order before Plaintiff's incarcerated witnesses can come to court to testify. (Id. at p. 2). The Court also informed Plaintiff that it will not issue such an order unless it is satisfied that: (a) the prospective witness is willing to attend, and (b) the prospective witness has actual knowledge of relevant facts. (Id.). Plaintiff was advised that he must file a motion for attendance of incarcerated witnesses, stating the name, address, and prison identification number of each such witness, accompanied by declarations by Plaintiff or the witnesses, showing that each witness is willing to testify and has actual knowledge of relevant facts. (Id.). Plaintiff was informed that the declaration must show that the prospective witness was an eyewitness or ear-witness to relevant facts, and must be specific about the incident at issue in this case, including when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred at the time it occurred. (Id. at pgs 2-3).

## III. PLAINTIFF'S MOTION

Plaintiff seeks to bring four inmate witnesses to trial: (1) Jorge Salmeron; (2) Juan Souza; (3) Michael Vincent Cisneros; and (4) Joseff Lebeau. Plaintiff has provided the names, CDCR numbers, and locations of all four of the prospective witnesses. (ECF No. 122, pgs. 5-7). Plaintiff also submitted declarations from each prospective witness. (ECF Nos. 122-1; 122-2; 122-3; 122-4; and 123-1). Each declaration states that the declarant was present when the excessive force incident allegedly occurred, and explains what the declarant saw.[1] Additionally, each witness has filed a declaration stating that he is willing to testify voluntarily.

---

[1] With the exception of the declaration of Michael Vincent Cisneros, which simply states that he "witnessed the events underlying Roberto Garcia's claim of excessive force against Matthew Juarez because [he] was on the yard at the Kern Valley State Prison." (ECF No. 122-3, p. 2).

(Id.).

Defendant seems to only object to the motion as to prospective witness Joseff LeBeau. (ECF No. 126, p. 1). Defendant argues that it is unclear whether LeBeau's declaration "was completely filled out by him when he apparently signed it and/or whether it is based on his own personal knowledge. There are four lines in his Declaration, one of which has nothing written above it…. The fact that the first line is blank indicates that, at some point, the Declaration was written with all four lines being left blank. These blanks show that inmate LeBeau did not know the name of the inmate who was allegedly kicked or the name of the officer who allegedly kicked him. Thereafter, someone filled in the names of Garcia and Juarez." (Id. at pgs. 1-2).

## IV.  DISCUSSION

The court will grant the motion as to all four defendants. Plaintiff has submitted the name, address, and prison identification number of each prospective witness. Additionally, Plaintiff has provided declarations from every prospective witness. Each declaration states that the declarant was present when the excessive force incident allegedly occurred, and explains what the declarant saw.[2] This is enough to show that all four prospective witnesses have actual knowledge of relevant facts. Additionally, each witness has filed a declaration stating that he is willing to testify voluntarily. Because Plaintiff has met his burden as laid out in the scheduling order, the Court will grant the motion.

While defendant Juarez raises legitimate issues regarding whether Mr. LeBeau's declaration was completed by him, these questions are not sufficient to preclude the witness from testifying. Defendant Juarez may question the witness at trial regarding his memory of events. The Court finds that Plaintiff has met its burden of demonstrating relevant knowledge for all witnesses sufficient for an order for their attendance.

\\\

---

[2] The declaration of Cisneros does not describe what Cisneros saw. However, given that the motion does, and given the fact that defendant Jaurez did not object to having Cisneros called as a witness, the Court will grant the motion as to Cisneros as well.

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for attendance of incarcerated witnesses, filed on November 30, 2016, is GRANTED. Approximately one month before the trial the Court will issue writs of habeas corpus ad testificandum, ordering that the witnesses be transported to the court on the date(s) of the trial.

IT IS SO ORDERED.

Dated:  **January 11, 2017**                    /s/ Erica P. Grosjean
                                                 UNITED STATES MAGISTRATE JUDGE