UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, JR., <br><br> Plaintiff, <br><br> v. <br><br> MATTHEW M. JUAREZ, JR., <br><br> Defendant. | Case No. 1:12-cv-00750-AWI-EPG (PC) <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES UNWILLING TO TESTIFY VOLUNTARILY <br><br> (ECF NO. 130) |

## I. BACKGROUND

Roberto M. Garcia, Jr. ("Plaintiff") is a former state prisoner proceeding *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 8, 2012. (ECF No. 1.) This action now proceeds on Plaintiff's First Amended Complaint (ECF No. 11) against defendant Juarez for use of excessive force in violation of the Eighth Amendment (ECF No. 19). A pretrial conference is scheduled for July 11, 2017, at 10:00 a.m., before District Judge Anthony W. Ishii.

On January 11, 2017, Plaintiff filed a motion for the attendance of incarcerated witnesses unwilling to testify voluntarily ("the Motion"). (ECF No. 130). No objections were filed.

## II. ATTENDANCE OF INMATE WITNESSES AT TRIAL

On October 20, 2016, the Court issued a scheduling order which, among other things, advised Plaintiff of the requirements for bringing inmate witnesses to trial. (ECF No. 116, pgs. 2-3). Plaintiff was informed that the Court must issue an order before Plaintiff's incarcerated

1

witnesses can come to court to testify. (Id.). The Court also informed Plaintiff that it will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts. (Id.). Plaintiff was advised that he must file a motion for attendance of incarcerated witnesses, stating the name, address, and prison identification number of each such witness, accompanied by declarations by Plaintiff or the witnesses, showing that each witness has actual knowledge of relevant facts. (Id.). Plaintiff was informed that the declaration must show that the prospective witness was an eyewitness or ear-witness to relevant facts, and must be specific about the incident at issue in this case, including when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred at the time it occurred. (Id.).

## III. PLAINTIFF'S MOTION

Plaintiff seeks to bring two inmate witnesses to trial who are unwilling to testify voluntarily: (1) Garrett Quon and (2) Eddie Nevarez. Plaintiff has provided the names, CDCR numbers, and locations of both prospective witnesses. (ECF No. 130, p. 4). Plaintiff also submitted statements from each prospective witness. (ECF No. 130-1, p. 2 & 4). Both Mr. Quon and Mr. Nevarez state that they were present when the excessive force incident allegedly occurred, and explain what they saw and heard. (Id.).

## IV. DISCUSSION

The court will grant the Motion. Plaintiff has submitted the name, address, and prison identification number of both prospective witnesses. Additionally, Plaintiff has provided statements[1] from both prospective witnesses. Each witness states that he was present when the excessive force incident allegedly occurred, and explains what he saw. This is enough to show that both prospective witnesses have actual knowledge of relevant facts. Because Plaintiff has met his burden as laid out in the scheduling order, the Court will grant the Motion.

///

---

[1] The Court notes that neither statement appears to satisfy the requirements of 28 U.S.C. § 1746(1). However, given that both witnesses appear to have relevant knowledge of events, that the Court is not taking evidence at this time, and that there were no objections to the Motion, the Court will not deny the Motion because of these defects.

## V. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for the attendance of incarcerated witnesses unwilling to testify voluntarily, filed on January 11, 2017, is GRANTED.

Approximately one month before the trial the Court will issue writs of habeas corpus ad testificandum, ordering that the witnesses be transported to the court on the date(s) of the trial.[2]

IT IS SO ORDERED.

Dated: __July 11, 2017__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court is willing to accommodate the appearance of inmate witnesses via video conference. If the parties determine that video conference is possible, and if it is acceptable to both parties, Plaintiff should notify the Court no later than 45 days before trial so that the appropriate arrangements can be made. The notice should include the names of the witnesses appearing via video conference.