UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO M. GARCIA, JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>MATTHEW M. JUAREZ, JR.,<br><br>    Defendant. | Case No. 1:12-cv-00750-AWI-EPG (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES UNWILLING TO TESTIFY VOLUNTARILY<br><br>(ECF NO. 130) |

**I.    BACKGROUND**

Roberto M. Garcia, Jr. ("Plaintiff") is a former state prisoner proceeding *in forma pauperis* with this civil rights action under 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on May 8, 2012. (ECF No. 1). This action now proceeds on Plaintiff's First Amended Complaint (ECF No. 11) against defendant Juarez for use of excessive force in violation of the Eighth Amendment (ECF No. 19).

On January 11, 2017, Plaintiff filed a motion for the attendance of incarcerated witnesses unwilling to testify voluntarily ("the Motion"). (ECF No. 130). No objections were filed. On July 12, 2017, the Court issued an order granting the Motion. (ECF No. 180). On July 28, 2017, the Court vacated the order granting the Motion because Defendant was not given a deadline to respond to the Motion, and allowed Defendant to file an opposition. (ECF No. 184). On August 4, 2017, Defendant filed his opposition to the Motion. (ECF No. 185). On August 11, 2017, Plaintiff filed his reply. (ECF No. 193). The Motion is now before the Court.

///

///

## II. ATTENDANCE OF INMATE WITNESSES AT TRIAL

On October 20, 2016, the Court issued a scheduling order which, among other things, advised Plaintiff of the requirements for bringing inmate witnesses to trial. (ECF No. 116, pgs. 2-3). Plaintiff was informed that the Court must issue an order before Plaintiff's incarcerated witnesses can come to court to testify. (Id.). The Court also informed Plaintiff that it will not issue such an order unless it is satisfied that the prospective witness has actual knowledge of relevant facts. (Id.). Plaintiff was advised that he must file a motion for attendance of incarcerated witnesses, stating the name, address, and prison identification number of each such witness, accompanied by declarations by Plaintiff or the witnesses, showing that each witness has actual knowledge of relevant facts. (Id.). Plaintiff was informed that the declaration must show that the prospective witness was an eyewitness or ear-witness to relevant facts, and must be specific about the incident at issue in this case, including when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or hear what occurred at the time it occurred. (Id.).

## III. PLAINTIFF'S MOTION

Plaintiff seeks to bring two inmate witnesses to trial who are unwilling to testify voluntarily: (1) Garrett Quon and (2) Eddie Nevarez. Plaintiff has provided the names, CDCR numbers, and locations of both prospective witnesses. (ECF No. 130, p. 4). Plaintiff also submitted statements from each prospective witness. (ECF No. 130-1, p. 2 & 4). Both Mr. Quon and Mr. Nevarez state that they were present when the excessive force incident allegedly occurred, and explain what they saw and heard. (Id.).

Defendant opposes the Motion on the ground that Plaintiff did not submit the appropriate declaration(s) in support of the motion, and that the statements provided by both prospective witnesses were not authenticated. (ECF No. 185, p. 2). Defendant also filed several evidentiary objections. (ECF No. 185-1, pgs. 1-2).

## IV. DISCUSSION

Plaintiff has submitted the name, address, and prison identification number of both prospective witnesses. Additionally, Plaintiff has provided a statement from both prospective

witnesses.

Defendant is correct that neither of these statements satisfies the requirements of 28 U.S.C. § 1746(2), and that the prospective witnesses' statements do not strictly comply with the requirements laid out in the Court's scheduling order. "The determination whether to issue a writ of habeas corpus ad testificandum rests within the sound discretion of the district court." Cummings v. Adams, 2006 U.S. Dist. LEXIS 9381, *6, 2006 WL 449095 (E.D. Cal. Feb. 17, 2006). Accord Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Here, the Court believes that it has sufficient information to make a determination of the relevance of the witnesses. And, after conducting a "cost-benefit analysis regarding whether the inmate[s] should come to court," Cummings v. Adams, 2006 U.S. Dist. LEXIS 9381, *7, 2006 WL 449095 (E.D. Cal. Feb. 17, 2006), the Court has determined that both prospective witnesses should be allowed to come to court. Each witness states that he was present when the alleged excessive force incident occurred, and explains what he saw. For the purposes of the Motion, this is enough to show that both prospective witnesses have actual knowledge of relevant facts. Additionally, no argument has been made that transporting these witnesses would be too dangerous or too costly. Accordingly, the Court finds that both prospective witnesses should come to Court to offer testimony.[1]

**V.     ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that Plaintiff's motion for the attendance of incarcerated witnesses unwilling to testify voluntarily, filed on January 11, 2017, is GRANTED.

\\\
\\\
\\\
\\\
\\\

---

[1] The Court is not precluding any objections to their testimony, which will be addressed by the trial judge.

Approximately one month before the trial the Court will issue writs of habeas corpus ad testificandum, ordering that the witnesses be transported to the court on the date(s) of the trial.[2]

IT IS SO ORDERED.

Dated: **August 15, 2017**    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that it is willing to accommodate the appearance of inmate witnesses via video conference.